Dear Mr. Speed:
You have asked this Office for an opinion as to what legal options the Tangipahoa Parish Government might have to alleviate flooding problems resulting from the blockage of a natural drainage in a portion of the Parish. You note, in your request, that an opinion on a similar matter was issued by this Office in 1982 — La. Atty. Gen. Op. No. 82-54 — and ask if it is valid and applicable to your situation. Before answering these questions, a recapitulation of the facts, as you relate them, is in order.
According to the facts that you relate, several citizens have complained of flooding on Strahan Road in Tangipahoa Parish. Apparently, this flooding is caused by people on neighboring properties to the complaining citizens blocking a natural drainage adjacent to the road.
It is the opinion of this Office that La. Atty. Gen. Op. No. 82-54 does largely apply to your current situation. Further, following a review of the cases and legislation cited in the 1982 opinion, it is the opinion of this Office that La. Atty. Gen. Op. No. 82-54 is still based on good law and is therefore valid. However, due to the fact that there are some differences in that opinion and your current situation, we here address the applicability of that opinion to your scenario.
La. Atty. Gen. Op. No. 82-54 discusses the authority of police juries to clear blockages and dams in natural and artificial drainage ditches. Under the facts that you have related to us, it appears that you want to know what options the Tangipahoa Parish Council has in this regard. We note that the statute cited in La. Atty. Gen. Op. No. 82-54 applies not only to police juries, but also to "other parish governing authorities". La.R.S. 33:1236. Accordingly, we are of the opinion that the Parish Council, as a parish governing authority, has the same power to clear blockages and dams as do the police juries in La. Atty. Gen. Op. No. 82-54. Thus, the Parish Council has the power *Page 2 
 [t]o construct and maintain drainage, drainage ditches, and drainage canals; to open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals, to acquire lands for necessary public purposes, including rights of way, canals and ditches by expropriation, purchase, prescription or by donation . . . and to construct any works and do any and all things necessary to effect proper drainage and carry this Paragraph into effect . . . Police juries shall open all natural drains which they deem necessary in their respective parishes and shall perform all work connected therewith, which they may deem necessary to make the opening of natural drains effective. They may perform all other acts necessary to fully drain all the land in their respective parishes and maintain such drainage when established. This Paragraph is intended to furnish additional means whereby parishes in the State of Louisiana may accomplish the objects and purposes herein referred to, and shall be liberally interpreted.
La.R.S. 38:1236(13) (emphasis added). Thus, it is clear from this statute that the Parish Council has the authority to remove the blockages or dams that are causing the current flooding on Strahan Road. Because, according to the facts that you relate, the drainage at issue is a natural drainage, we do not find it necessary to reevaluate the public dedication of drainages that is discussed in La. Atty. Gen. Op. No. 82-54, as we do not find it to apply to the current situation. La.R.S. 38:1236(13) clearly permits parish governing authorities to ensure that natural drainages within their jurisdiction remain open without requiring any specific dedication of a drainage servitude from the landowner across whose land the natural drainage runs.
We also find several of the other matters of La. Atty. Gen. Op. No. 82-54 instructive as to your questions and we thus quote them here.
 La.R.S. 38:215 prohibits anyone from obstructing any natural or artificial drainage whether it is public or private.
 * * * The police jury may bill the owners for the expense involved in removing these dams inasmuch as the cost of removal is not a taking of property without due process since the dams should not have been constructed in these drainage channels in the first place. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.Sup.Ct. 1981). Since these dams are illegal in nature, the landowner should bear the expense of removal. *Page 3 
Accordingly, it is our opinion that the Tangipahoa Parish Council has the authority to demand a removal of the complained-of blockages or dams in the natural drainage that is causing the flooding of Strahan Road. In addition, we are also of the opinion that the costs for removing the blockages or dams should be borne by the citizens who have placed them into the natural drainage.
We think it advisable for such a demand to be made in an amicable manner initially. However, if those who are responsible for the blockages or dams refuse to remove them, the Parish can remove them and assess the responsible parties for the costs or it may file suit for injunctive relief in a court of competent jurisdiction seeking an order to have them removed.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: _________________________
 RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp *Page 1 
WILLIAM G. GUSTE, JR.
ATTORNEY GENERAL
 November 9, 1982 Opinion Number 82-54
22-1 Drainage Drainage Districts
La.R.S. 33:1236(13); La.R.S. 38:113; Dugas v. St. Martin Parish PoliceJury, 351 So.2d 271 (La.App. 3rd Cir. 1977); Petit Anse Coteau DrainageDistrict v. Iberville Vermilion Rail-road Company, 124 La. 502,50 So. 512 (1909); Terrebonne Parisn Police Jury v. Matherne,394 So.2d 1302 (La.App. 1st Cir. 1981); amended and affirmed 405 So.2d 314
(La.Sup.Ct. 1981
Police juries have the authority to manage and regulate public drainage channels within their jurisdiction. Where public drainage channels are blocked by land-owners, police juries have the. authority to seek the removal of said blockage.
Mr. Arthur Eastman
Police Juror, District 4
Jefferson Davis Parish Police Jury
1209 W. Division Street
Jennings, Louisiana 70546
Dear Mr. Eastman:
You have asked for an opinion from this office regarding the authority of the Jefferson Davis Parish Police Jury (Police Jury) over certain drainage ditches within its jurisdiction.
You advised that the Police Jury dug one drainage ditch through private property with the landowner's consent, although no written contract was ever executed. The land was subsequently sold and the new owner has now dammed the_ditch causing water to back up onto a public road.
You further advise that another drainage ditch is presently being dammed by a property owner for irrigation purposes. The Police Jury obtained written rights-of-way for a portion of this ditch but the area being dammed is not under a written servitude. You state that tnis ditch drains approximately Nine Thousand (9,000) Acres. The dam is causing flooding to private property within this acreage in addition to public roads in the area.
The above problems have prompted several questions which we quote, to-wit:
 (1) What is the Police Jury's jurisdiction over these drainage ditches?
 (2) Can the Police Jury remove the dams?
 (3) Can the Police Jury bill the owners for the expense involved in removing these dams? *Page 2 
 (4) Can the Police Jury force the owners of the property to remove the dams and if so, what steps should be instituted for commencing actions for such?
Each question will be answered in the order asked.
(1) Police juries have jurisdiction over drainage ditches within their area by viture of La.R.S. 33:1236(13) which states, in pertinent part, that police juries have the authority:
 "To construct and maintain drainage, drainage ditches, and drainage canals; to open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals, to acquire lands for necessary public purposes, including rights-of-way, canals and ditches by expropriation, purchase, prescription or by donation; . . ."
In addition, police juries are given specific authority over drainage ditches pursuant to La.R.S. 38:113 which states as follows:
 "The various levee and drainage districts shall have control over all public drainage channels within the limits of their districts and for a space of 100 feet on each side of the channel, selected by the district and recommended and approved by the Department of Public Works, whether the drainage channels have been improved by the levee or drainage district, or have been adopted without improvement as necessary parts of or extensions to improved drainage channels, and may adopt rules and regulations for preserving the efficiency of the drainage channels." *Page 3 
The police jury is considered the appropriate body to manage and regulate drainage channels regardless whether there exist a duly constituted drainage district. Dugas v. St. Martin Parish PoliceJury, 351 So.2d 271 (La.App. 3rd Cir. 1977).
Consequently, the police jury has jurisdiction over these drainage channels if they are considered public and not just private ditches. There is no specific statute which distinguishes a public drainage ditch from purely a private one. The jurisprudence has defined a public drainage ditch as opposed to one that is private as being a ditch which drains the public's land in general as opposed to a specific landowner.Petit Anse Coteau Drainage District v. Iberville and Vermilion RailroadCompany, 124 La. 502, 50 So. 512 (1909) . The jurisprudence has also stated that, in addition to the canal being public, the channel must be selected by the police jury and recommended and approved by the Department of Public Works or has been adopted without improvement as necessary parts of or extensions to improved drainage channels. See:Terrebonne Parish Police Jury v. Matherne, 394 So.2d 1302 (La.App. 1st Cir. 1981); amended and affirmed 405 So.2d 314 (La.Sup.Ct. 1981).
Once the public nature of the drainage channels is established and the drainage channel is, in fact, a part of an established drainage program of the police jury, the police jury has acquired a limited servitude to control and maintain the drainage ditch. There is no need for a written right-of-way in order to exercise the mandate contained in La.R.S.38:113. Dugas v. St. Martin Parish Police Jury, supra.
We are of the opinion that the two (2) drainage channels in question are public in nature and that the police jury has a limited servitude over these ditches in order to maintain proper drainage within its jurisdiction. Moreover, you have advised that these channels drain public roads. In that respect we refer you to La.R.S. 48:43 which states as follows:
 "Parish governing authorities may drain the public roads of their respective parishes by cutting ditches and canals where necessary through private property. The ditches and drains shall be of sufficient *Page 4 
size to drain both the public road and the lands over which they are open. They shall be located where least injurious to the owner of the property."
(2)-(4). The police jury has the right to remove the dams in order to maintain proper drainage within these channels. La.R.S. 38:113. In addition, La.R.S. 38:215 prohibits anyone from obstructing any natural or artificial drainage whether it is public or private. Moreover, La.R.S. 38:219 states, in pertinent part, to-wit:
 "No person shall:
 . . . (2) Construct dams, locks, or gates in drainage channels;
 (9) In any manner obstruct drainage channels or violate any of the rules or regulations adopted and promulgated by the levee or drainage districts for preserving and maintaining the efficiency of the drainage channels in their districts."
The police jury may bill the owners for the expense involved in removing these dams inasmuch as the cost of removal is not a taking of property without due process since the dams should not have been constructed in these drainage channels in the first place. TerrebonneParish Police Jury v. Matheme, 405 So.2d 314 (La.Sup.Ct. 1981). Since these dams are illegal in nature, the landowner should bear the expense of removal.
The proper action to be taken by the police jury is to file an injunctive proceeding against the landowner to force the removal of the dams. This would be by legal process if amicable demand does not effect the removal of the dams. Terrebonne Parish Police Jury v. Matherne,394 So.2d 1302 (La.App. 1st Cir. 1981). *Page 5 
The police jury has the authority to seek removal of these dams the cost of which should be paid by the land-owners and not the police jury. Legal proceedings may be necessary in order to effect the removal of these dams which should be instituted by the filing of an injunction against the landowner for the blockage thereof.
If we may be of further service in this matter, please advise.
Very truly yours,
WILLIAM J. GUSTE, JR.
Attorney General
BY: _________________________
DAVID C. KIMMEL Assistant
Attorney General
DCK/ro
There is no need for a written right-of-way in order for a police jury to exercise its limited servitude over public drainage channels.